█ In the Matter of DIANE SIMMS, Appellant, v EMANUEL P. POPOLIZIO, as Chairman of the New York City Housing Au-

thority, et al., Respondents.—Judgment, Supreme Court, Bronx County (Hansel McGee, J.), entered on or about April 2, 1990, which denied and dismissed a petition pursuant to CPLR article 78 to annul respondents' determination authorizing eviction proceedings against the petitioner, unanimously affirmed, without costs.

Petitioner's landlord, by letter, requested permission of the Housing Authority to regain possession of petitioner's Section 8 apartment, setting forth the following:

"1. The premises are in a building not covered or controlled by rent stabilization or rent control under New York or Federal Law and as such, the landlord is entitled to regain possession.

"2. The market value rent for this apartment is $850.00 per month, which is in excess of the allowance that Section 8 New York City Housing Authority would pay.

"3. You have caused the landlord much frustration and expense by refusing reasonable access to your apartment for repairs or to service the building utilities, which are in part located within your apartment.

"4. The Section 8 New York City Housing Authority Lease has expired and the landlord no longer desires to participate in the Section 8 New York City Housing Authority Program."
Notice was given to petitioner tenant. The Housing Authority issued the landlord a letter of authorization to commence eviction proceedings, noting that the lease had expired. Read together, the two letters established valid reason for terminating the tenancy, and provided a rational basis for the Authority's determination. Concur—Rosenberger, J. P., Kupferman, Ross, Asch and Kassal, JJ.